**PECK LAW GROUP, APC**
Adam J. Peck   (SBN 262549)
6454 Van Nuys Boulevard, Suite 150
Van Nuys, California 91401-1407
Telephone: 818-908-0509
Facsimile:  818-908-1158
Email: adampeck@thepecklawgroup.com

Attorneys for Plaintiff

FILED
JUN 0 7 2017
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                     Deputy Clerk

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>TY Five Star Corporation<br><br>Debtors.<br>_____<br>Diane Dooley by and through her Successor in Interest Michael Dooley; Michael Dooley, Individually,<br><br>Plaintiffs,<br>vs.<br><br>Grancare, Llc dba Creekside Healthcare Center; Thc-Orange County, Inc. dba Kindred Hospital – San Francisco Bay Area; Ty Five Star Corporation dba All Saints Subacute and Rehabilitation Center; Meridian Health Services Holdings, Inc.; Meridian Health Services Corporation; James Preimesberger and Does 4 Through 200, Inclusive,<br><br>Defendants.<br><br>Cynthia Dooley; Patrick Jared Dooley; Robert Raymond Dooley; David Samuel Rhodes<br><br>Nominal Defendants, | Chapter 7<br><br>*Case No.:* 2:17-bk-13687-RK<br><br>*Adv. No.:*<br><br>**COMPLAINT FOR:**<br><br>**NONDISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. § 523(a)(6)** |

1
NONDISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. 523(a)(6)

## COMPLAINT FOR NONDISCHARGEABILITY OF DEBT

Diane Dooley by and through her Successor in Interest Michael Dooley; Michael Dooley, Individually, AS Plaintiff herein, complains of Debtor and Defendant TY Five Star Corporation ("Debtor" or "TY Five") as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this adversary proceeding pursuant to the provisions of 28 U.S.C. §1334 and the reference order of the United States District Court for the Central District of California. This adversary proceeding relate to the Chapter 7 case of TY Five Star Corporation, Case No. 2:17-bk-13687-RK, now pending in the United States Bankruptcy Court for the Central District of California. The matter is a core proceeding pursuant to 28 U.S.C. §157.

2. Venue herein is proper pursuant to the provisions of 28 U.S.C. §1409.

### THE PARTIES

3. Plaintiff, Michael Dooley ("Plaintiff") is an individual who resides in Alameda County, California. Plaintiff is the surviving son of the decedent Diane Dooley ("Dooley"). Plaintiff brings this action individually and as the surviving heir of Dooley pursuant to California Code of Civil Procedure §377.60 (Wrongful Death) and as the successor in interest of Dooley pursuant to Code of Civil Procedure §377.60 (Survival Actions). At all times mentioned, it is alleged that Dooley was legally insane for the purposes of Code of Civil Procedure §352 insomuch as she was of unsound mind as she was incapable of understanding her legal rights. As such, all causes of action which survive Dooley's death are tolled until her death on June 3, 2014.

4. Defendant, Ty Five Star Corporation ("Defendant") is an entity who had its primary place of business in 1652 Mono Avenue, San Leandro, California 94578. Defendant filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code on March 27, 2017, commencing the above captioned bankruptcy case.

### UNDERLYING FACTS

5. At all relevant times, Dooley was a senior over the age of 65 years, and a physically

disabled person due to the mental incompetence and physical health disabilities.

6. Because the Defendant was the care custodian of Dooley, it had non-delegable duties of care towards all the residents of the facility All Saints Subacute and Rehabilitation Center ("Facility").

7. The non-delegable duties of care towards all residents for the Facility included, but were not limited to the following:

    a. Defendant owed a duty to Dooley to respect her right to be free from mental and physical abuse (22 Cal Code Regs. §72527(a)(9));

    b. 22 Cal Code Regs. §72315 mandates that a skilled nursing facility, such as Defendant, provide, and Defendant represented that they would provide each patient with good nutrition and with necessary fluids for hydration.

    c. 42 Cal Code Regs. §483.65 mandates that a skilled nursing facility, such as Defendant's, establish and maintain an infection control program designed to provide a safe, sanitary, and comfortable environment and to help prevent the development and transmission of disease and infection.

    d. Defendant owed a duty to Dooley to notify a physician of any sudden and marked adverse change in signs, symptoms, or behavior exhibited by a patient, which right is protected by 22 Cal Code Regs. §72311(3)(b).

## INJURIES SUSTAINED BY DOOLEY

8. From on or about October 4, 2013, through June 3, 2014, Dooley was a resident of the Facility due to her need for skilled nursing care given her advanced age.

9. While Dooley resided at the Facility, her health and mental condition declined severely.

10. At the Facility, sometime before her death, Dooley developed multiple Stage III and Stage IV infected pressure sores all over her body, which were intentionally and maliciously concealed by the Defendant. As a result of the pressure sores, Dooley also developed sepsis.

11. The severely infected bedsores were discovered upon Dooley being transferred to Kindred Hospital – San Francisco Bay Area on February 11, 2014.

12. These injuries and conditions were legally caused by Defendant's acts and omissions.

13. Further, as a result of Defendant's conduct, Dooley died on June 3, 2014.

### ALLEGATIONS OF MALICE, OPPRESSION, FRAUD

14. Defendant knew that Dooley, was over the age of 65, and knew that she was entitled to basic custodial and nursing care services to ensure proper hygiene, comfort, and well-being. Additionally, Defendant knew that North was residing in their Facility under circumstances or conditions likely to produce great bodily injury to Dooley if they failed to treat her in conformity with the aforementioned laws designed for Dooley's safety, health, welfare, dignity, and protection.

15. Despite Defendant's actual knowledge of Dooley's needs, and despite their legal duty to not abuse Dooley, the Defendant, abused Dooley by willfully failing to exercise the degree of care that a reasonable person in like position would have exercised, by failing on a continuing basis to provide Dooley with medical care for her physical and mental needs, and by willfully concealing the existence and severity of the above mentioned pressure sores.

16. Furthermore, despite having actual knowledge of Dooley's pressure sores and its cause, Defendant caused and/or permitted Dooley to have unjustifiable physical pain and mental suffering, and willfully caused and/or permitted Dooley to be placed in situation(s) such that Dooley's person and health were endangered, all of which was in violation of Defendant's legal duties under Welfare and Institutions Code § 15667.

17. Moreover, Plaintiff also alleges that the wrongful acts and omissions of Defendant, in abusing and failing to prevent, the abuse of Dooley , was done with knowing indifference and conscious disregard for the rights, health, and safety of Dooley, an elder.

### FIRST CLAIM FOR RELIEF

### (Nondischargeability - 11 U.S.C. § 523(a)(6))

18. Plaintiff re-alleges, and incorporates by this reference, the allegations in all foregoing paragraphs, 1 through 17, as though fully set forth word for word.

19. Defendant's actions described above were done willfully and maliciously.

20. Defendant indebtedness owing to Plaintiff in nondischargeable under 11 U.S.C. § 523(a)(6).

WHEREFORE, PLAINTIFFS pray for Judgment against Defendant as follows:

1. A determination that the indebtedness owing to Plaintiff by Defendant is nondischargeable;

2. For general damages in the amount of $1,000,000.00;

3. For special damages in the amount of $1,000,000.00;

4. For attorney's fees as allowed by statute;

5. For statutory punitive damages in the amount of $3,000,000.00;

6. For costs of suit; and

7. For such other and further relief as the Court deems just and proper.

**PECK LAW GROUP, APC**

DATED: June 5, 2017

By: /s/ Adam Peck
Adam J. Peck, Esq.
Attorneys for Plaintiffs

---

5
NONDISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. 523(a)(6)

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the action; my business address is 6454 Van Nuys Boulevard, Suite 150, Van Nuys, California 91401.

On June 7, 2017, I served the foregoing document described as set forth below on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes, at Van Nuys, addressed as follows:

Document Served:   **COMPLAINT FOR: NONDISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. § 523(a)(6)**

Person(s) Served:   See Attached SERVICE / MAILING LIST

    XX   (BY OVERNIGHT DELIVERY/ EXPRESS MAIL) I enclosed said document(s) in a sealed envelope or package provided by an overnight delivery carrier to each addressee. I placed the envelope or package, delivery fees paid for, for collection and overnight delivery at an office or at regularly utilized drop box maintained by the express service carrier at 6454 Van Nuys Blvd. #150 Van Nuys, California 91401.

    ___   (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

    XX   (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

EXECUTED at Van Nuys, California on June 7, 2017

_____
Declarant, Filiberto Seanez

---
1
PROOF OF SERVICE

# SERVICE / MAILING LIST

D. DOOLEY v. TY Five Star
CASE NO.: 2: 17-bk-13687-RK

Jeffrey S. Shinbrot

Jeffrey S. Shinbrot, APLC

8200 Wilshire Blvd.

Suite 400


Beverly Hills, CA 90211

Re: United States Trustees Office

915 Wilshire Blvd. Suite 1850

Los Angeles, California 90017


Rosendo Gonzalez

Gonzalez and Associates

530 South Hewitt Street, Suite 148

Los Angeles, California 90013


TY Five Star Corporation

P.O.Box 3350

San Ramon, CA 94583

2
PROOF OF SERVICE

B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| **PLAINTIFFS** Diane Dooley et al. | **DEFENDANTS** Ty Five Star Corporation |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) Adam J. Peck 6454 Van Nuys Blvd., Suite 150 Van Nuys, CA 91401 (818)928-0509 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☒ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Nondischargeability of Debt Pursuant to 11 U.S.C. § 523(a)(6)

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☒ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 5,000,000.00 |

Other Relief Sought

RECEIVED
JUN 07 2017
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                   Deputy Clerk

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR<br>TY Five Star Corporation || BANKRUPTCY CASE NO.<br>2:17-bk-13687-RK ||
| DISTRICT IN WHICH CASE IS PENDING<br>Central || DIVISION OFFICE<br>1675 | NAME OF JUDGE<br>Hon. Robert Kwan |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) ||||
| DATE || PRINT NAME OF ATTORNEY (OR PLAINTIFF) ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.